**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

TESS DE SIMONE,

    Plaintiff,

           v.

DANIEL JAMES HERBERT, and

DESMOND T. HERBERT, III,

    Defendants.

Case No.: 1:15-cv-00581

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

FOR HER COMPLAINT in this matter, Plaintiff, Tess De Simone, by and through her attorneys, Revision Legal, PLLC, states as follows:

## I. INTRODUCTION

1. This is an action that seeks the award of a domain name and damages against two individuals who have acted in concert to register, use, and traffic in a domain name, which is found at the uniform resource locator ("URL") <tessdesimone.com> (the "Domain Name"), to embarrass, harass, infringe upon the privacy rights of, and inflict emotional distress upon Plaintiff. Plaintiff seeks redress pursuant to the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 8131) and common law causes of action for Defendants' use of the <tessdesimone.com> domain name for "revenge porn," namely, to display private, intimate photographs of Plaintiff at the website in question with the intent to harass and extort Plaintiff.

1

## II.  PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Tess De Simone ("De Simone") is a resident of the city of Chicago, county of Clark, state of Illinois.

3. Defendant Daniel James Herbert ("Daniel Herbert") is a resident of the city of Wellington, county of Palm Beach, state of Florida.

4. Defendant Desmond T. Herbert, III is a resident of the city of Charlotte, county of Mecklenburg, state of North Carolina.

5. This Court has subject matter jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1338 because this civil action arises under the Lanham Act, specifically 15 U.S.C. § 8131.

6. This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims asserted in this action that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendant Daniel Herbert because Defendant Daniel Herbert has transacted business in Illinois, has purposefully availed himself of the privilege of acting in the state of Illinois, has specifically and tortiously harmed a resident of the state of Illinois, and has acted or caused a consequence in the state of Illinois so as to have a substantial enough connection with the state of Illinois to make the exercise of jurisdiction reasonable.

8. This Court has personal jurisdiction over Defendant Desmond Herbert because Defendant Desmond Herbert has transacted business in Illinois, has purposefully availed himself of the privilege of acting in the state of Illinois, has specifically and tortiously harmed a resident of the state of Illinois, and has acted or caused a

consequence in the state of Illinois so as to have a substantial enough connection with the state of Illinois to make the exercise of jurisdiction reasonable.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the judicial district, because the injured party is a resident of this state and because the exercise of jurisdiction by the Court over Defendant is proper.

### III. PLAINTIFF'S NAME

10. Plaintiff Tess De Simone is a board-licensed pediatric nurse employed by Lurie Children's hospital in Chicago, Illinois.

11. Plaintiff De Simone is a certified pediatric nurse who devotes her time to her current position as a Patient Family Experience Consultant.

12. In her position, Plaintiff De Simone regularly interacts with the public, who, when faced with an ill child, rely on Plaintiff De Simone's care and expertise.

13. As a result, Plaintiff De Simone's name is inextricably tied to her professional reputation, which, in turn, directly correlates to her career.

14. Plaintiff De Simone's name is a protected personal name under 15 U.S.C. § 8131.

**DEFENDANT'S MISCONDUCT**

15. In 2007, Plaintiff De Simone and Defendant Desmond Herbert were involved in a romantic relationship in the state of Wisconsin.

16. During their relationship, Defendant Desmond Herbert took intimate photographs of Plaintiff De Simone while engaging in private sexual acts.

17. In October of 2007, Plaintiff De Simone ended her romantic relationship with Defendant Desmond Herbert.

18. On October 28, 2007, Defendant Desmond Herbert forced entry into Plaintiff De Simone's apartment, physically assaulted her, and destroyed several items of her personal property.

19. Plaintiff De Simone was forced to call the police, at which time Defendant Desmond Herbert fled the scene of the crime.

20. On November 5, 2007, Defendant Desmond Herbert visited Plaintiff De Simone at work.

21. Plaintiff De Simone subsequently called the police, and Defendant Desmond Herbert was arrested at his home later that day.

22. As a result of this incident, Plaintiff De Simone obtained a restraining order against Defendant Desmond Herbert on November 30, 2007.

23. Since 2007, Defendant Desmond Herbert has attempted to contact and harass Plaintiff De Simone on several occasions.

24. In 2011, Defendant Desmond Herbert contacted Plaintiff De Simone via the Facebook social network with the following message:

> THE PICTURES OF YOU AND I ON THE FLOOR OF YOUR APARTMENT… WILL BE ON THE INTERNET. I HAVEN'T YET DECIDED WHICH SITE BUT I THINK IT'LL BE SEEMYGF.COM. I'LL KEEP YOU POSTED! AND I CAN'T WAIT TO POST THEM AT YOUR SCHOOL AND SEND THEM TO YOUR FAMILY.
>
> TA TA

25. Defendant Desmond Herbert then created a false Facebook profile, which impersonated Plaintiff De Simone and displayed Plaintiff De Simone's intimate photographs to the public.

26. Defendant had this false Facebook profile removed.

27. Upon information and belief, after his false Facebook profile was removed, Defendant Desmond Herbert created an email address, alex_blackwell_1@yahoo.com, through which he created the false identity of Alex Blackwell.

28. Upon information and belief, through this email address and false identity, Defendant Desmond Herbert disseminated Plaintiff De Simone's intimate photographs to Plaintiff De Simone's friends and family, including her father.

29. Upon information and belief, Defendant Desmond Herbert registered the <tessdesimone.com> Domain Name on July 11, 2011.

30. Upon information and belief, Defendant Desmond Herbert, through his alias of Alex Blackwell, attempted to sell the Domain Name to Plaintiff De Simone's father on November 23, 2012.

31. Upon information and belief, Defendant Desmond Herbert began displaying Plaintiff De Simone's intimate photographs to the public through the Domain Name in 2012.

32. The website displaying De Simone's intimate photographs was taken down in 2012.

33. In 2014, Plaintiff discovered the Domain Name again resolved to a website displaying her intimate photographs.

34. After attempting to have the content removed from the website in various ways, Plaintiff De Simone hired counsel and, on December 11, 2014, sent a formal request

to Defendant Desmond Herbert to transfer the Domain Name to Plaintiff and remove her intimate photographs from the Internet. See **Exhibit A**, Printout of Letter to Herbert.

35. Defendant Desmond Herbert then contacted Plaintiff's counsel on December 19, 2014 and stated that he does not own the Domain Name.

36. On that same day, Defendant Daniel Herbert, Defendant Desmond Herbert's uncle, contacted Plaintiff's counsel and claimed that he had sent an email to the email address associated with the Domain Name and that the owner of the Domain Name informed Defendant Daniel Herbert that Domain Name was for sale.

37. Defendant Daniel Herbert also informed Plaintiff's counsel that he had forwarded this correspondence to a "friend" who would extract the "metadata" and try to determine the location of the Domain Name owner.

38. On January 8, 2015, Defendant Daniel Herbert again contacted Plaintiff's counsel and informed Plaintiff's counsel that he had "purchased" the Domain Name from its previous owner and offered to sell the domain name to Plaintiff De Simone for $75,000.

39. Upon information and belief, Defendants are the registrant and/or licensee of the Domain Name, which precisely tracks Plaintiff's name.

40. Upon information and belief, Defendants have used privacy protection methods to conceal their identities and to prevent their identities from being disclosed on the Domain Name's publicly accessible WHOIS records. See **Exhibit B**, Printout of WHOIS Record.

41. Upon information and belief, Defendants registered the Domain Name with registrar GoDaddy.com, LLC ("GoDaddy") on July 11, 2011. See **Exhibit B**, Printout of WHOIS Record.

42. Upon information and belief, Defendants have used the Domain Name on the Internet.

43. Upon information and belief, Defendants have used the Domain Name in an attempt to harass, embarrass, and extort money from Plaintiff.

44. The Domain Name currently resolves to a web page that contains a public notice that the Domain Name is for sale. See **Exhibit C**, redacted screenshots of <tessdesimone.com>.

45. Defendants have made a commercial use of the Domain Name by using Plaintiff's name in the Domain Name and by using Plaintiff's likeness on the website located at the Domain Name with the intent of selling the Domain Name to Plaintiff and/or to a third party.

46. Defendants have registered, used, and trafficked in the Domain Name with the bad-faith intent to profit.

47. Plaintiff did not authorize Defendants to register, use, or traffic in the Domain Name bearing her full legal name.

48. Defendants have never been known by the name Tess DeSimone.

49. Defendants have not made any legitimate, noncommercial, or fair use of the Domain Name.

50. Defendants have not used the Domain Name in connection with any bona fide offering of goods and services.

51. Defendants' conduct has caused Ms. DeSimone to lose control over the reputation and goodwill associated with her personal name, both for personal and business purposes, and has caused her to suffer and continues to cause her to suffer other immeasurable damages. For the harm and loss Plaintiff has suffered and for the harm and loss that will continue but for intervention of this Court, the Plaintiff has no adequate remedy at law. Unless Defendants are enjoined from further misuse of the Domain Name, Plaintiff will suffer irreparable harm because the damages sustained will be immeasurable, unpredictable, and unending. Moreover, the Lanham Act specially provides for injunctive relief in this circumstance. See 15 U.S.C. § 8131(2).

52. Defendants' misuse of the Domain Name is intentional and willful.

### COUNT I
### Violation of Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 8131

53. The Domain Name consists of the name of another living person, specifically that of Plaintiff, and the Plaintiff uses this name both as her personal name, and also as a source of business identity.

54. Defendants registered the Domain Name without Plaintiff's consent, and did so with the specific intent to profit from such name by selling the Domain Name for financial gain to the Plaintiff or any third party.

55. Defendants have used, and continue to use, the Domain Name with the bad faith intent to profit from said use.

56. Upon information and belief, Defendants' legal name is not "Tess DeSimone" nor is such name commonly used to identify Defendants.

57. Upon information and belief, Defendants have no trademark nor any other intellectual property rights in the Domain Name.

58. Defendants have not used the Domain Name in connection with the bona fide offering of any goods or services, nor for any other good faith purpose.

59. Defendants have made no good faith use of the Domain Name nor did they register the Domain Name in good faith.

60. Through the use of the Plaintiff's name, Defendants intended to divert individuals to a site accessible under the Domain Name that could harm the goodwill represented by the name "Tess De Simone" for commercial gain or with the intent to tarnish or disparage the name, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

61. Defendants offered to sell the Domain Name to Plaintiff, the rightful owner of the name, for financial gain without having used, or having any intent to use, the Domain Name in the bona fide offering of any goods or services.

62. Further, Defendants' intent was clear. Defendants registered the Domain Name out of spite and with a desire to harass, embarrass, and destroy the reputation of Plaintiff.

63. Defendants' conduct as described above has caused irreparable and substantial harm to Plaintiff and her reputation and goodwill.

64. As a direct result of Defendants' conduct, Plaintiff has been substantially harmed. Accordingly, Plaintiff seeks recovery of the maximum amount of damages from Defendants as permitted by law, the transfer of the Domain Name to Plaintiff, a preliminary and permanent injunction requiring divestiture of the Domain Name, and attorney fees, costs, and further relief as this Court deems just.

65. 15 U.S.C. § 8131(2) specifically provides for injunctive relief, costs, and attorney fees.

### COUNT II
### Negligence

66. Plaintiff restates paragraphs 1-65 as if fully restated herein.

67. 720 ILCS 5/11-23.5 prohibits the non-consensual distribution of private sexual images, which is considered a felony offense under Illinois law.

68. 720 ILCS 5/11-23.5 establishes a standard of care.

69. Defendants have a duty to refrain from the non-consensual distribution of private sexual images consistent with 720 ILCS 5/11-23.5.

70. Defendants have distributed private sexual images of Plaintiff De Simone in violation of the standard of care set by 720 ILCS 5/11-23.5.

71. Defendants' violation of the standards of care set by 720 ILCS 5/11-23.5 serves as prima facie evidence of negligence.

72. Defendants' breach of their duty of care has proximately caused Plaintiff De Simone damages.

73. Defendants' breach of their duty of care is the legal cause of Plaintiff De Simone's damages.

74. Plaintiff De Simone has been damaged by Defendants' actions.

### COUNT III
### Civil Extortion

75. Plaintiff restates paragraphs 1-74 as if fully restated herein.

76. Defendant Daniel Herbert asserts that he is the owner of the Domain Name.

77. Defendant Daniel Herbert asserts that he purchased the Domain Name from a third party as an "investment."

78. Defendant Daniel Herbert has threatened to continue to display Plaintiff De Simone's private sexual images if Plaintiff De Simone does not purchase the Domain Name from Defendant Daniel Herbert.

79. Defendant Daniel Herbert attempted to sell the Domain Name to Plaintiff for $75,000.

80. Defendant Daniel Herbert's words and actions have a reasonable tendency to coerce or cause apprehension.

81. Defendant Daniel Herbert's words and actions constitute civil extortion under the law.

82. Defendant Daniel Herbert's words and actions have caused Plaintiff De Simone damages.

**COUNT IV**
**Violation of Illinois Right of Publicity Act, 765 ILCS 1075**

83. Plaintiff restates paragraphs 1-82 as if fully restated herein.

84. Plaintiff is an individual as defined by the Illinois Right of Publicity Act.

85. Defendants used Plaintiff's identity for commercial purposes during Plaintiff's lifetime without obtaining her consent by registering, using, and offering to sell the Domain Name that precisely tracks Plaintiff's legal name and displaying photographs and images of Plaintiff.

86. Defendants willfully violated Illinois Right of Publicity Act by, among other things, intentionally targeting and extorting Plaintiff through the use of sexually explicit pictures and making offers sell the Domain Name to Plaintiff.

87. Plaintiff De Simone has been damaged by Defendants' actions.

88. Plaintiff is entitled actual damages and Defendants' profits or at least $1,000. 765 ILCS 1075/40.

89. Plaintiff is entitled to punitive damages for Defendants' willful actions to violate the Illinois Right of Publicity Act. 765 ILCS 1075/40.

90. Plaintiff is entitled to injunctive relief. 765 ILCS 1075/50.

91. Plaintiff may recover costs, attorney fees, and expenses relating to this action. 765 ILCS 1075/55.

## COUNT V
## Invasion of Privacy – False Light

92. Plaintiff restates paragraphs 1-91 as if fully restated herein.

93. Defendants have acted in concert to post sexually explicit photographs of Plaintiff online and to the world in a plan to extort Plaintiff of money.

94. The display of such photographs places Plaintiff in a false light before the public that is highly offensive to a reasonable person.

95. Defendants acted with knowledge that their statements and portrayal of Plaintiff was false, or acted in reckless disregard of the truth.

96. Plaintiff De Simone has suffered anguish and suffering by Defendants' actions.

97. Plaintiff De Simone has been damaged by Defendants' actions.

98. Plaintiff is entitled emotional distress damages arising from Defendants' actions.

## COUNT VI
## Invasion of Privacy – Misappropriation of Likeness

99. Plaintiff restates paragraphs 1-98 as if fully restated herein.

100. Defendants have acted in concert to appropriate Plaintiff's name or likeness by posting sexually explicit photographs of Plaintiff online on the Domain Name that precisely tracks Plaintiff's name in a plan to extort Plaintiff of money.

101. Defendants did not have Plaintiff's consent to appropriate Plaintiff's name or likeness.

102. Defendants appropriated Plaintiff's name or likeness for commercial benefit.

103. Plaintiff De Simone has suffered anguish and suffering by Defendants' actions.

104. Plaintiff De Simone has been damaged by Defendants' actions.

105. Plaintiff is entitled emotional distress damages arising from Defendants' actions.

## COUNT VII
## Civil Conspiracy

106. Plaintiff restates paragraphs 1-105 as if fully restated herein.

107. Defendant Desmond Herbert and Defendant Daniel Herbert have acted in concert for the purpose of harassing, embarrassing, and harming the reputation of Plaintiff De Simone.

108. Defendant Desmond Herbert committed an overt act in furtherance of the conspiracy, namely, by registering, using, and trafficking in the Domain Name, by providing Plaintiff's intimate photographs for display at the Domain Name, and by offering to sell the Domain Name to Plaintiff's father, that was tortious or unlawful in character.

109. Defendant Daniel Herbert committed an overt act in furtherance of the conspiracy, namely, by registering, using, and trafficking in the Domain Name and

by offering to sell the Domain Name to Plaintiff, that was tortious or unlawful in character.

110. Defendant Desmond Herbert has knowingly and voluntarily participated in a common scheme to commit an unlawful act in an unlawful manner.

111. Defendant Daniel Herbert has knowingly and voluntarily participated in a common scheme to commit an unlawful act in an unlawful manner.

112. Defendants' participation in the common scheme and unlawful acts has caused Plaintiff De Simone damages.

113. Defendants are jointly and severally liable for Plaintiff De Simone's damages.

**WHEREFORE**, Plaintiff requests this honorable Court grant the following relief:

A. That Defendants and all persons acting in concert with them be preliminarily and permanently enjoined from using <tessdesimone.com> or distributing private sexual images containing Plaintiff and that Defendants be ordered to file with the Court and serve on Plaintiff within 30 days after service on Defendants of such an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

B. That Defendants be ordered to transfer the <tessdesimone.com> domain name to Plaintiff pursuant to 15 U.S.C. § 8131(2).

C. That Plaintiff De Simone receive and recover from Defendants all damages available under law;

D. That Defendants be ordered to pay Plaintiff's costs, expenses, and attorney fees incurred in prosecuting this action, pursuant to 15 U.S.C. § 8131(2);

E. That Plaintiff be awarded pre and post-judgment interest to the maximum extent allowed by law;

F. That Plaintiff be awarded such other and further relief to which she may be justly entitled.

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Dated: January 21, 2015            /s/ Eric W. Misterovich
                                   Eric W. Misterovich
                                   Revision Legal, PLLC
                                   Attorney for Plaintiff
                                   1101 Broad St. Ste. 315
                                   St. Joseph, MI 49085
                                   269-281-3908
                                   eric@revisionlegal.com